Michael R. Spaan, Esq.
mspaan@pattonboggs.com
Matthew S. Block, Esq.
mblock@pattonboggs.com
PATTON BOGGS LLP
601 West Fifth Avenue, Suite 700
Anchorage, Alaska  99501
Telephone:  907-263-6300
Facsimile:  907-263-6345

James L. Kee, Esq.
kanda@texhoma.net
KEE, ARCHER & HERBERGER, P.A.
P.O. Box 1646
Duncan, OK 73533
Telephone: 580-252-2120
Facsimile: 580-252-8647

*Attorneys for Robert F. Kane*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) |
| ROBERT F. KANE, | ) |
| Defendant. | ) No. 3:06-mj-011-JDR |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
<u>MOTION TO PRODUCE SEARCH WARRANT AFFIDAVITS</u>**

Robert Kane has moved the Court to order that he be provided with copies of the records of the various warrants used to collect evidence against him.  Because Mr. Kane has a Constitutional right of access to these documents in order to challenge the warrants' validity, his Motion should be granted.

47405v1

**FACTS**

On February 2, 2006 United States District Court Magistrate Judge Roberts of the District of Alaska signed and issued warrants to search a hangar in Palmer, Case no. 3:06-mj-009-JDR, a hanger in Anchorage, Case no. unknown, an office in Anchorage, Case nos. 3:06-mj-018-JDR and 3:06-mj-010-JDR, a residence in Eagle River, Case no. 3:06-mj-019-JDR, and a motor vehicle thought to be located in Eagle River. Case no. 3:06-mj-021-JDR. The warrants and the affidavits underlying them were all sealed by order of the Court. Consequently, the Robert Kane, the defendant against whom evidence seized pursuant to these warrants has been used, has never seen the affidavits and supporting materials underlying them.

The executing officers provided a copy of the Palmer hanger warrant to individuals in that hanger, and a copy of the residence and vehicle warrant to individuals in the Eagle River residence. They did not present a copy of the sealed affidavits. To date, counsel has not seen a return filing for the warrants on the vehicle or the Anchorage hanger, and has not seen the warrant covering the Anchorage hanger.

Based in part upon evidence obtained under these warrants, Robert F. Kane was arrested and held on a Complaint. The complaining affidavit was signed by FBI Special Agent Matthew Campe, who affied that he based his determinations on evidence, including evidence seized while executing the warrants, and on testimonial descriptions and opinions about this evidence from others who had observed it. *See* Complaint and Affidavit, Case No. 3:06-mj-011-JDR.

Mr. Kane's initial appearance hearing was held on February 7, and a detention hearing immediately followed on February 7-8. At that hearing, evidence was produced by the government that was allegedly discovered during execution of one or more of the warrants. *See, e.g.,* Testimony of Agent Espeland beginning at 1:00:36 PM, Preliminary Hearing, Case no. 3:06-mj-011-JDR (February 7, 2006). Some of the evidence was discovered during execution of the warrant on Mr. Kane's residence in Eagle River, and some of it was discovered during the seizure of the vehicle he drove. *See id.* Other evidence admitted at the hearing was discovered while searching the offices in Anchorage. The government offered testimony at the hearing that the evidence seized from the Anchorage offices was specifically taken from offices in which Mr. Kane kept his private emails and other affects.

At the conclusion of the first part of the hearing, the Court determined that there was probable cause to believe the crime charged had been committed. After the second part of the hearing, dealing with detention, the Court found that Mr. Kane presented a flight risk and ordered him detained without bail. The Court specifically recounted that it made its findings based on evidence seized pursuant to the warrant, including a toy silencer that the government did not dispute was inoperable.

**DISCUSSION**

The Fourth Amendment to the US Constitution requires that defendants in criminal matters have a right to challenge the search warrants yielding evidence against them. Provided they have appropriate standing, defendants can challenge the truth of the

statements made in affidavits attached to search warrants. *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). In order to make a *Franks* challenge, those affidavits have to be available to the defendant. *See U.S. v. Napier*, 04-10249 (9th Cir. February 7, 2006).

This is not to say that the Court has no discretion to seal affidavits on issued warrants in order to protect confidential informants, and to maintain the integrity of ongoing criminal investigations. *Id.* To do so, however, the Court must balance any government concerns that would urge sealing the affidavit against the important right of the accused to challenge the affidavit. *Id. See also U.S. v. Kiser*, 716 F.2d 1268, 1273 (9th Cir. 1983) (reconciling the right to challenge the affidavit with the informer's privilege). The Court must respect the established procedures for providing a narrowly tailored solution to the government's concerns. *See Napier*. For instance, the District Court in *Napier* was commended for ordering the government to provide the defendant with "as much information as possible" in the form of a copy of the sealed portions of the affidavit that had sensitive information redacted from it, and for permitting an evidentiary hearing at which the warrant affiant was made to testify about the validity of the affidavit's contents. *Id.*

Here, the government cannot maintain an ongoing need to protect the identities of informants, because a witness for the government stated the names of all of the government's informants in open court, in response to questioning by the Assistant U.S. Attorney. Testimony of Agent Espeland beginning at 1:05:34 PM, Preliminary Hearing, Case no. 3:06-mj-011-JDR (February 7, 2006).

Nor can the government maintain that the affidavit must be sealed against inspection by Mr. Kane in order to avoid "tipping off" the subject of the searches, or risking destruction of the evidence to be seized. Mr. Kane is in custody and the warrants have been served and evidence seized. The government cannot plausibly claim that it continues to have a concern that evidence will go missing.

Whatever concern the government might have must be balanced against the rights of a defendant who has already been detained for two weeks based on statements and evidence that he has never been permitted to see. Because "as much information as possible" should be provided to the defendant, Mr. Kane must be provided a complete and unredacted copy of the affidavits in support of warrants used against him. If the Court deems this impossible, then a copy of the affidavit redacting only those portions that must be concealed to satisfy a legitimate government interest should, at a minimum, be provided.

**CONCLUSION**

A US citizen is being held without bail because of the secret statements of an FBI Special Agent. As long as the affidavits behind the search warrants used to collect evidence against him remain sealed, he will not be able to challenge the warrants' validity. Because the Fourth Amendment demands it, the affidavits must be unsealed to permit Mr. Kane his Constitutionally mandated right to challenge the evidence presented.

DATED this 16th day of February, 2006.

        PATTON BOGGS LLP
        Attorneys for Defendant Robert F. Kane


By:   s/Michael R. Spaan
       Michael R. Spaan
       Alaska Bar No. 7305026
       Matthew S. Block
       Alaska Bar No. 0511094


KEE, ARCHER & HERBERGER, P.A.


By:   s/James L. Kee
       James L. Kee
       Oklahoma Bar No. 4902


**CERTIFICATE OF SERVICE**

I hereby certify that on the 16 day of February, 2006, a copy of the foregoing document to be served electronically on the following:

**Steven E. Skrocki**
Office of the U.S. Attorney
steven.skrocki@usdoj.gov


By:   s/Nina E. Bingham
       Legal Secretary/Assistant
       PATTON BOGGS LLP