

**RECEIVED**

FEB 2 2 2006

CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

DEBORAH M. SMITH
Acting United States Attorney

STEVEN E. SKROCKI
Assistant U. S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Rm. C-253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br><br>v. )<br><br>ROBERT F. KANE, )<br>a/k/a "COMMANDER KANE," and )<br>SECURITY AVIATION, INC., )<br><br>Defendants. )<br> ) | No. 3:06-mj-011-JDR<br><br>OPPOSITION OF THE UNITED STATES TO DEFENDANT KANE'S MOTION TO UNSEAL SEARCH WARRANT AFFIDAVITS |

COMES NOW the United States of America, by and through Deborah

M. Smith, Acting United States Attorney for the District of Alaska, and hereby

files with the court an Opposition to defendant Robert F. Kane's Motion to Unseal

Search Warrant affidavits. For the reasons set forth below, the defendant's motion

**SCANNED**

should be denied at least until a time set for discovery in this case or a time set shortly after arraignment.

## INTRODUCTION

On February 2, 2006, the United States executed simultaneously several search warrants concerning Robert F. Kane and, *inter alia*, his employer, Security Aviation, Inc., and Regional Protective Services, and his residence in Eagle River, executing said search warrants throughout that day and evening. On that day the United States also served on Robert F. Kane a complaint and attendant arrest warrant charging him with a violation of 26 U.S.C. § 5861(d), Possession of two Unregistered Destructive Devices, namely a 57-mm UB-16-57 rocket pod launcher. Kane was arrested and taken into federal custody

On Tuesday, February 7th and Wednesday February 8, 2006 the court held an extended and hotly contested preliminary hearing and bail hearing concerning the defendant. During that hearing, *inter alia*, the government provided the defendant's with the names of the witnesses that provided the testimony to government investigators concerning the complaint regarding the weapons charge. At the conclusion of the hearing the court found that the government established probable cause concerning the charges in the complaint and thereafter found that the defendant presented both a flight risk and a danger to the community. He was detained pending presentation of this matter to the federal grand jury.

On the issue of grand jury presentment, the court informed the government that it expected the government to present the matter to the next grand

U S v. Kane, et.al.
3:06-mj-11-JDR                    -2-

jury given the detention of the defendant. The government responded in the affirmative that the matter would be presented during the next sitting of the grand jury. Nothing has altered that commitment and duty on the government.

Now, the defendant requests what is tantamount to early discovery of the government's case prior to presentment of the matter to the federal grand jury. There is nothing in the defendant's memorandum of points and authorities which demands the provision of the search warrant and affidavit in support thereof at this juncture. While said materials will be provided as part of routine discovery, and have remained sealed up to this point due to an active government investigation, the defendant's motion must be denied.

### ARGUMENT

Defendant's Motion Raises Issues of Not "If", But "When"

As this court well knows, it possesses the discretion and authority to seal Affidavits in support of search warrants. *See Matter of Sealed Affidavits for Search Warrants*, 600 F.2d 1256 (9th Cir. 1979); *Officers of Lakeside Non-Ferron Metals v. United States*, 679 F.2d 778 (9th Cir. 1982). In fact, the government provided the court with the foregoing authority at the time of the filing of the search warrants in question. The government provided the court with the motion in order to preserve the investigative integrity of the present case, and ongoing investigations as to the present case involving other individuals and in order to pursue investigative leads acquired during the execution of the search warrant as well as those that have come from it.

U S v. Kane, et.al.
3:06-mj-11-JDR                        -3-

As of this writing, the defendant is correct that he remains in custody based on the results of the search warrants, as well as other evidence. However, as indicated by the government, presentment to the grand jury is pending. Unsealing the search warrant affidavits at this juncture raises the spectre of additional and untold pre-indictment publicity that could possibly taint the grand jury pool as well as any other investigative matters the government is pursuing prior to indicmtent. As the court has observed, the media interest in this case is extremely high and it is expected to remain so, unsealing the affidavits at this time, prior to presentment is not warranted.

In making this claim, the government is cognizant of the defendant's incarceration, however,as the court knows, the defendant's position is not unique. He has had the process he was due up to this stage, and, assuming the grand jury returns a true bill he will shortly have another opportunity to re-examine the bail issue inasmuch as he first, has filed an appeal, and, second, he will have the opportunity to re-present at arraignment. In the event the grand jury does not return a true bill, he will be released.

The government is not contesting that the defendant has a right to the search warrant affidavits. As stated in the heading, the issue is not "if," but "when". The "if" part of the equation is controlled by the Fourth Amendment. The "when" is controlled by the court. It is the position of the government that the "when" balance tips to the favor of the government due to the pendancy of the grand jury investigation, the continued government investigation up to that point, and the possible pre-trial publicity that will inevitably follow.

U S v. Kane, et.al.
3:06-mj-11-JDR                    -4-

## CONCLUSION

Based on the foregoing, the government respectfully requests that the defendant's motion be denied until after indictment. Unsealing the warrant now would only result in possible grand jury taint, additional defense pretrial publicity, and other matters outside the government's control. The government will provide a copy of the search warrants to the defendant in the ordinary course at the timetable set during arraignment for the discovery exchange.

Dated: February 22, 2006.                  Respectfully Submitted,

DEBORAH M. SMITH
Acting United States Attorney

STEVEN E. SKROCKI
Assistant U. S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Rm. C-253
Anchorage, AK  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov
AK #0108051

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2006,
a copy of the foregoing Opposition of the United
States to Defendant Kane's Motion to Unseal
Search Warrant Affidavits was served
electronically on:

Kevin Fitzgerald
James Kee
Michael Spann

s/ Steven Skrocki

(Due to ECF not available on 2/22/06, copies will be delivered tomorrow)

U S v. Kane, et.al.
3:06-mj-11-JDR                  -5-